# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

DIARRA JERMAINE BODDY     #04808-088

_(Enter above the full name of the plaintiff_
_or plaintiffs in this action)._

_(Inmate Reg. # of each Plaintiff)_

**VERSUS**        **CIVIL ACTION NO.** 2:15-cv-16026

_(Number to be assigned by Court)_

CITY OF CHARLESTON, WV (Ex-SPTLM. BRIAN A. LIGHTNER)

STATE OF WEST VIRGINIA

KANAWHA COUNTY MAGISTRATE HALLORAN

WV STATE PAROLE OFFICER JORDAN McKINNLEY

_(Enter above the full name of the defendant_
_or defendants in this action)_

FILED

DEC 1 0 2015

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## COMPLAINT

### I.     Previous Lawsuits

    A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

        Yes _____        No **xx**_____

1

B.    If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

   1.    Parties to this previous lawsuit:

      Plaintiffs:   **DIARRA JERMAINE BODDY**

      _____

      _____

      Defendants:   **BRIAN A. LIGHTNER,**

      **CITY OF CHARLESTON WV**

      **CHARLESTON POLICE DEPARTMENT**

   2.    Court (if federal court, name the district; if state court, name the county);

      **KANAWHA COUNTY CIRCUIT COURT JUDGE TABIT**

      **(Related case is for excessive force,battery,tort etc)**

   3.    Docket Number:  **15-C-1704**

   4.    Name of judge to whom case was assigned:
      **Judge Joanna Talbit Kanawha County Circuit Court**

   5.    Disposition (for example: Was the case dismissed?  Was it appealed? Is it still pending?

      **Pending**

      _____

   6.    Approximate date of filing lawsuit:  **Sept. 9-2015**

   7.    Approximate date of disposition:  **N/A**

**II.**    **Place of Present Confinement:** United States Penitentiary McCreary

    A.    Is there a prisoner grievance procedure in this institution?

**(Complaint is not prison related)**
                      Yes XX        No _____

    B.    Did you present the facts relating to your complaint in the state prisoner grievance procedure?

                      Yes _____        No **XX**    **(see above)**

    C.    If you answer is YES:

        1.    What steps did you take?    N/A

        2.    What was the result?    N/A

    D.    If your answer is NO, explain why not:    N/A

**III.**    **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A.    Name of Plaintiff:  Diarra Jermaine Boddy #04808-088

            Address:  U.S.P. McCreary  P.O. Box 3000 Pine Knot, KY 42635

    B.    Additional Plaintiff(s) and Address(es):    N/A

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C.   Defendant: City Of Charleston, WV (EX-Sptlm. Brian A. Lightner)

is employed as: Was Sr. Patrolman of Charleston Police Dept.

at Charleston Police Department, Charleston, WV

D.   Additional defendants: State of West Virginia, Magistrate Halloran,

State Parole Officer Jordan McKinnley

Kanawha County Courthouse/Magistrate Court 111 Court St. Chas.WV

Wv State Parole Office, Plaza East Chas. WV

## IV.   Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Plaintiff, Diarra Jermaine Boddy was arrested onSeptember 10,2013

(cs. no. #13-F-2929,2930)

for possesion with intent to deliver a COUNTERFEIT substance and

the charge was dismissed on September 23,2013 due to no appearance

of arresting officer.  Plaintiff remained in jail due to a scheduled

parole violation hearing that was ultimately held on December 11,2013

in which the WV Parole board found me NOT GUILTY of and ordered him

released to a 30 day rehabilitation program. Defendant's Brian Lightner

and Jordan McKinnley were both present at the hearing.  Following

(violation of 5th,6th & 8th amendment rights.retaliation/collusion...)
(false imprisonment/vindictive/maliscious prosecution/due process)

4

IV. Statement of Claim (continued):

the revocation hearing, Ex-Officer Brian Lightner went and REFILED the
very same charge (possesion w/intent to deliver COUNTERFEIT) that had
                            (Cs.No.13-F-3707)
previously been dismissed before.  Plaintiff was VIDEO ARRAIGNED at
South Central Regional Jail by Magistrate Halloran and given excessive
bail of $25,000 cash only and told Plaintif that "he had received a
phone call and apparently the Feds wanted me for something, and that was
why my bail was so high".  Plaintiff was asked and also signed requests
for appointment of counsel as well as a preliminary hearing.  Plaintiff
was then held in jail until January 17th 2014 WITHOUT APPOINTMENT OF
COUNSEL or a preliminary  hearing.  This is a clear violation of Plaintifs
due process rights and also shows State and City officials colluded with
Federal authorities to illegally detain Plaintif in an attempt to stop
him from being released from jail to obtain drug rehabilitation ordered
by the WV State Parole Board.  Plaintiff claims maliscousness and vindictive
arrest and prosecution as well as false imprisonment/illegal detainment.

V. Relief

Plaintiff would like the State of West Virginia to amend the conviction
of a prior state conviction for posession with intent to deliver a
controlled substance that Plaintiff has already served the time for
and the sentence has been disharged.(Case no. # 97F-31). This was
a sentence of 1 to 15 years that was ran concurrent to a federal sent-
ence of 5 years (USDC 2:95-00020) Plaintiff was arrested in 1994 and
sentenced on 6-23-1997.  Paroled on 9-16 1999, and discharged 7-01-2001.
Plaintiff asks that this conviction be amended to reflect a sentence of
1 to 5 years as his relief in this complaint. Plaintiff also seeks
compensatory damages for every day he was held in jail without counsel,
preliminary hearing, or able to forfil. Parole boards order to complete
inpatient rehabilitation.  In the amount of $30,000.

**IV.    Statement of Claim (continued):**

_See prayer_

**V.    Relief**

_State briefly exactly what you want the court to do for you._ Make no legal arguments.
Cite no cases or statutes.

_See prayer_

**V.     Relief (continued)):**

_____

_____

_____

_____

_____

**VII.   Counsel**

A.     If someone other than a lawyer is assisting you in preparing this case, state the person's name:

N/A

B.     Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes **XX**          No _____

If so, state the name(s) and address(es) of each lawyer contacted:

Ditrapino, Barrett, Dipiero, - P.O. Box 1631 Charleston, WV 25301

Robinson & Brandt _ 629 Main St. Suite B Covington, Ky 41011

Matthew Victor-  P.O. Box 5160 Charleston, Wv 25361

If not, state your reasons: _____

N/A

C.     Have you previously had a lawyer representing you in a civil action in this court?

Yes _____          No **XX**

If so, state the lawyer's name and address:

_____

_____

Signed this _____ day of _____, 20_____.

_____

_____

_____

_____

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.
                          (Date)

_____

Signature of Movant/Plaintiff

_____

Signature of Attorney
(if any)

## AFFIDAVIT OF DIARRA JERMAINE BODDY

STATE OF KENTUCKY )
                  )
                  )
COUNTY OF MCCREARY) SS
                  )

I Diarra Boddy, being first duly sworn and deposed, do swear, under the penalty of perjury, that all of the statements contained herein are true, correct, and complete to the best of my first hand knowledge and recollection.

1.) That on December 13, 2013 at South Central Regional Jail, in Kanawha County, West Virginia, I was arraigned via video arraignment by Magistrate Halloran for the **second** time regarding posession with intent to deliver a **counterfeit** substance case No. 13-F-3707.

2.) That this same charge had been dismissed once before on September 23, 2013, case No. 13-F-2929, but was refiled after the WV State Parole Board ruled that I should be released to in patient rehabilitation due to the charges been dismissed.

3.) That during my recorded, video arraignment, Magistrate Halloran stated that "he had received a phone call and was told that "The Feds" wanted me for something and that was why my bail was so high"

4.) That I was asked, and indeed sign documents requesting counsel to be appointed and wanting a preliminary hearing.

5.) That I was **NOT** appointed counsel or given a preliminary hearing for this **refiled** charge within 10 working days.

6.) That only after multiple contacts of Mr. Matthew Victor, whom represented the plaintiff previously for this charge, and he having to contact the court to have himself appointed, finally get plaintiff a preliminary hearing for this new charge.

7.) That Magistrate Kim Aaron, upon hearing the case at a preliminary hearing held on January 17, 2014, that "what was done to me was indeed **REPREHENSIBLE**" and dismissed the new charge **with prejudice.**

8.) That plaintiff was still held until January 23, 2014 before being transported to inpatient rehab, after a motion **mandating** that parole officer Jordan McKinnley himself deliver me to the rehab center.

9.) That Parole Officer delayed parole revocation hearings from September 10, 2013 all the way until December 14, 2014 in order to "pursue having plaintiff prosecuted federally.

10.) That Parole Officer Jordan Mckinnley colluded with ex-officer Brian A. Lightner (whom was released from Charleston Police Department due to misconduct) and the City of Charleston as well as Magistrate Halloran to illegally detain/falsly imprison and violate plaintiff's due process rights in order to allow "Federal Authorities" time to pursue charges.

11.) That Plaintiff has written the Kanawha County Clerk and also Attorney Matthew Victor in an attempt to obtain the **video arraignment** transcript from December 13th, 2013 Case No. 13-F-3707 to no avail.

12.) That Plaintiff is in posession of all other related documents and proofs regarding this complaint.


        Further, affiant sayth not.

Subscribed and Sworn to this _21_ Day of July 2015

_DIARRA JERMAINE BODDY_


                    Acknowledgement

Subscribe and Sworn before me this _21_ Day of July, 2015


_Signature of Notary Public_                My commission expires
                                                9/10/12

Hope Thurman
Notary Public
State at Large, Kentucky
My Commission Expires on 9/10/12

Jan. 13. 2014 1:21PM                                                      No. 1575   P. 5/7
Dec. 13. 2013 10:10AM                                                    No. 0004   P. 5

## IN THE MAGISTRATE COURT OF KANAWHA COUNTY, WEST VIRGINIA

☐ Out-of-County Warrant

State of West Virginia                          Case No. 13F-3707
v.

DIARRA JERMAINE BODDY          XXX-XX-0009          10/20/1970
Defendant (Full Name)          Social Security Number   Date of Birth

9 VEAZEY ST APT-A              E548227
Address                       Driver's License / Identification Number

CHARLESTON, WV 25311          304-
City, State, & Zip Code       Phone Number(s)

### INITIAL APPEARANCE: RIGHTS STATEMENT
*Mag. Ct. Criminal Procedure Rule 5 (5.1 and 5.2 if applicable)*

### A. GENERAL: EITHER MISDEMEANOR OR FELONY OR BOTH

1. The magistrate has informed me that I am not required to make a statement, and that any statement I do make may be used against me.

2. The magistrate has informed me that I am charged with the ☐ Misdemeanor ☑ Felony Offense(s) of
POSSESSION WITH INTENT COUNTERFEIT SUBSTANCE

and that, if I am later found guilty or plead guilty, the possible penalties are (*mandatory minimum penalty, if any, and maximum penalty*) 1 TO 15 YRS &/OR UP TO $25,000.00

3. The magistrate has informed me that I have the right to be represented by an attorney at every stage of the proceeding. If the statutory offense provides for a possible jail sentence, and if I cannot afford to hire an attorney and I meet the financial guidelines, an attorney will be appointed to represent me. I understand this right, and further understand that if I decide to represent myself, I cannot later claim that I was deprived of my right to be represented by an attorney.

DEFENDANT MUST INITIAL ONE OF THE FOLLOWING:

_____ (a) I give up my right to have an attorney represent me.

_____ (b) I want to hire an attorney to represent me.

_____ (c) I want an attorney appointed to represent me. I understand that if I am found guilty, I may be required to reimburse the State for attorney fees even if a court-appointed or public defender attorney is approved to represent me.

12/13/2013                     _____
Date                           Defendant's Signature

MCRIRST Rev. 03/2013 (*previously SCA-M312*) Initial Appearance: Rights Statement          Page 1 of 3
WVSCA Approved: 03/01/2013; Docket Code(s): MMIRS

Case No. 13F-3707

4. The magistrate has informed me that I have been charged with an offense for which the penalty is life imprisonment, and bail must be set by the circuit court.

5. The magistrate has informed me that I may be released from custody while awaiting further proceedings on the charge(s) stated above if I am able to make bail as follows: $ 25,000 Cash

☐ Cash ☐ Recognizance: (☐ Personal ☐ 10% Cash Bond and 90%

☐ Property (Real Estate) ☐ Surety Company/Bail Bondsperson).

If real property is used as security, a justification of surety ☐ IS or ☐ IS NOT required.

6. The magistrate has informed me that I will be given reasonable time and opportunity to talk with an attorney or some other person for the purpose of obtaining counsel or for arranging bail.

B. MISDEMEANOR CHARGE(S) ONLY

1. The magistrate has informed me that I have a right to plead not guilty, a right to a trial by jury or by a magistrate without a jury, and that if I plead guilty or no contest, I give up my right to a trial.

2. The magistrate has informed me that I have the right to demand a jury trial and, if I want a jury trial, I must let the magistrate court know in writing no later than twenty (20) days from the date of this initial appearance, or if I receive court-appointed counsel, twenty (20) days from the date an attorney is appointed. The magistrate has further informed me that if I demand a jury trial, I may not withdraw my demand for a jury trial if the prosecuting attorney objects to the withdrawal. If I do not demand a jury trial within the twenty-day period, I have also been informed that I give up my right to a jury trial. The magistrate will try my case without a jury, and an appeal of a magistrate court conviction will not entitle me to a jury trial in circuit court. I understand if I have a jury, the jury fee will be assessed against me if I am convicted.

3. (if applicable) The magistrate has informed me that if I have been charged with First Offense Driving Under the Influence of Alcohol in violation of W. Va. Code § 17C-5-2(d)(1)(A), I may be eligible for the DUI Deferral Program. I understand that I have thirty (30) days from the date of my arrest to request to participate in the program as set out in W. Va. Code § 17C-5-2b.

4. (if applicable) The magistrate has informed me that it SHALL be unlawful for me to have/possess/own or purchase a firearm, including a handgun or long gun, or ammunition pursuant to federal law under 18 U.S.C. 922(g)(9) if I am convicted of a domestic violence offense such as assault, battery, domestic assault, domestic battery, malicious wounding/assault, unlawful wounding/assault, or any attempt to commit a domestic violence offense involving the use of physical force or threatened use of a deadly weapon; and I am a current or former spouse, current or former intimate partner, parent or guardian of the victim, or have a child in common with the victim, or I am or was involved in another similar relationship with the victim, or currently or formerly cohabited with the victim.

I understand that if I have any questions regarding whether or not this law makes it illegal for me to ship, transport, purchase, or possess a firearm or ammunition, I may consult an attorney.

12/13/2013
Date

(Defendant's Signature)

MCRIRST Rev. 03/2013 (previously SCA-M312) Initial Appearance: Rights Statement          Page 2 of 3
WVSCA Approved 03/01/2013; Docket Code(s): MMIRS

Case No. 13F-3707

### C. FELONY CHARGE(S) ONLY

The magistrate has informed me that

1. if I have been charged with a felony offense for which the penalty is life imprisonment, only the circuit court may set and grant bail;

2. I have the right to a preliminary hearing to determine whether or not any felony charge(s) should be bound over for possible presentation to a grand jury;

3. the preliminary hearing shall be held within ten (10) days of my initial appearance if I am in custody, or within twenty (20) days of my initial appearance if I am not in custody (*W. Va. Code § 62-1-8*).

### DEFENDANT MUST INITIAL ONE OF THE FOLLOWING THREE CHOICES:

_____ (a) I want a preliminary hearing.

_____ (b) I give up my right to a preliminary hearing.

_____ (c) I, or my attorney, will inform the court whether I want a preliminary hearing.

**12/13/2013** _____         X _____
**Date**                              *Defendant's Signature*

    I have informed the defendant of the matters set out above. I find that any waiver of rights herein is made knowingly and voluntarily by the defendant.

_____ *(initial if applicable)* I certify that the defendant refused to initial and/or sign this document at the appropriate places.

**12/12/2013** _____         _____
**Date**                              *Magistrate's Signature*

IN THE MAGISTRATE COURT OF _KANAWHA_ COUNTY, WEST VIRGINIA

**CRIMINAL**
**CASE HISTORY**

☐ Felony   ☐ Misdemeanor
X

### BOND INFORMATION

Bond set at:                 Type:
Bond received from:
Date:              Mag.:
Rec. #:                      Amount: $
Date pauper's affidavit filed:_____
Notes/Comments:

CASE NUMBER    13F-3707

POSS. W/INTENT COUNTERFEIT SUBSTANCE

Defendant, name, address, tel.
DIARRA JERMAINE BODDY
9 VEAZEY ST APT-A
CHARLESTON       WV 25311
DL #: E548227
Def. birth date:    10/20/70   SS #: 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
Complainant name, address, tel.
CPD- B.A. LIGHTNER
PO BOX 2749
CHARLESTON      WV 25301
348-6400
Pros.:
Counsel:
Court-appointed?:
Affidavit of prejudice date:
Disp.:

Offense:
Offense date:       09/10/2013
W.V. Code:          60A-4-401
Summons date:
Sum. app. date:
Warrant date:       12/12/2013
Rearrest issued:
Case reference:
Worthless check amt.: $
Issuing mag.:       HALLORAN
Assigned mag.:      COURT-FELONY
Transf. to:
Transf. to:
Trial mag.:

| FISCAL DATA | | FIRST APPEARANCE / PLEAS—MISDEMEANOR |
|---|---|---|

Fine                        $ _____
Court costs                 $ _____
Arrest fee                  $ _____
RJA fee                     $ _____
LET fee                     $ _____
CVC fee                     $ _____
Worthless check notice      $ _____
Other                       $ _____
                Total due:  $ _____

| Date | Mag. | Rec. # | Amount |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

Arrest date:                        Arraignment (plea) date:  12/13/2013
Re-arrest date:
Date committed:  12/13/2013        Date released:
Defendant status: ☐ Pro se ☐ Counsel ☐ Jury trial waived
☐ Defendant failed to appear by summons or notice
Plea: ☐ Not guilty ☐ No contest ☐ Guilty

| Hearing Dates | | Continuances | | |
|---|---|---|---|---|
| Def. P-T motions filed: | | | | |
| Pros. P-T motions filed: | | By: | To: | Time: |
| Jury trial?: | | By: | To: | Time: |
| Pre-trial conf.: | Time: | By: | To: | Time: |
| Original trial: | Time: | By: | To: | Time: |
| Prelim. hearing: 01/17/2014 | Time: 1:30 P | By: | To: | Time: |

### PRELIMINARY HEARING

Preliminary hearing date:                     Defendant status: ☐ Pro se ☐ Counsel
☐ Waiver of preliminary  ☐ Probable cause found, bound over to Circuit Court    Date to Circ. Ct.:
☐ No probable cause found, defendant and bond discharged  ☐ Bond disbursed to: ☐ Circ. Ct. ☐ Defendant
☐ Other _____        ☐ Surety ☐ Other
                                                                        _____ Magistrate

### DISPOSITION ACTIVITY AND JUDGMENT ORDER

*D/M W/ prejudice*

Pre-trial dismissal date:
Verdict or plea date:          Trial: ☐ Bench ☐ Jury ☐ Mistrial      Verdict or plea:
Plea agreement terms disclosed:

Sentence is imposed as follows:  Fine: $ _____ , Costs & fees: $ _____ , Jail term:
  Other:
So ordered and entered this   17th   day of   January   20 2014 by   *Kim Aaron*
                                                                        _____ Magistrate

### POST-JUDGMENT ACTIVITIES

Set-aside hearing date:          Status: ☐ Granted ☐ Denied
Appeal filed date:               Appearance bond amount: $         Type:              Date bond posted:
Appeal forwarded to Circuit Court date:
Writs: Execution: _____ Suggestion: _____ Suggestee Execution: _____ Other: _____

### CERTIFICATION BY CLERK

I, _____ , hereby certify that the above is a true and complete record of all proceedings in the above criminal action,
filed in my office.
  GIVEN UNDER MY HAND THIS _____ DAY OF _____ 20 ____
  SEAL                                                                  _____ Clerk

SCA-M305B  6-02

Dec. 11. 2013  3:47PM                                        No. 0305   P. 1/1

*EXHIBIT #1*

RECEIVED
DOCKING

2013 DEC 11  P 3: 51

SOUTH CENTRAL
REGIONAL JAIL

STATE OF WEST VIRGINIA

PAROLE BOARD

CHARLESTON

ORDER
TO
HOLD CHARGES IN ABEYANCE

**WHEREAS**, Diarra J. Boddy, Serial Number DOC 26311-2 was convicted of felony crimes as follows:

EFFECTIVE SENTENCE DATE:        5/28/08 JC; C) 8/8/11 JC

CRIME:        A) 3rd Offense Domestic Battery; B) Possession with Intent to Deliver
              Controlled Substances – Cocaine; C) 3rd Offense Domestic Battery

CIRCUIT COURT:   Kanawha

SENTENCE:   A) 1-5 years; B) 1-15 years CS; C) 1-5 years CC

**WHEREAS**, Diarra J. Boddy was granted a release on parole from the West Virginia St. Mary's Correctional Center on March 20, 2013 and

**WHEREAS**, The Division of Corrections placed parole violation charges against you and the Parole Board found you guilty of Charges ___1,2,3 and 4, not guilty on charges 5 and 6___. The Board has decided to hold these charges in abeyance with the following Conditions:

☒ You shall be placed on a ___6___ month improvement period, beginning upon release from incarceration.
☐ You shall participate in in-patient treatment as approved by your Parole Officer.
☐ You shall participate in out-patient treatment as approved by your Parole Officer.
☐ You shall sign a waiver to allow your Parole Officer to check on your treatment status.
☐ You shall attend NA/AA, ☐ provide proof to your Parole Officer, ☐ obtain a sponsor.
☒ You shall obtain/maintain employment.
☐ You shall be placed on Electronic Monitoring
☒ Other:   To be released to Pinecrest Only
☒ Other:   Subject is to successfully complete the Pinecrest inpatient treatment program
☐ Other:
☐ Other:
☒ You must follow all rules and regulations governing your parole.

**WHEREAS**, If you successfully complete the above conditions, your Parole Officer will notify the Parole Board, and we will reinstate you to parole status. Another opportunity has been granted to you. We would request that you cooperate with your parole officer and address any issues, which may affect unsuccessful parole supervision.

**THEREFORE**, the West Virginia Parole Board does hereby Hold Diarra J. Boddy's Charges in Abeyance and relinquish jurisdiction of his/her case to Parole Services.

WEST VIRGINIA PAROLE BOARD

_____   _____   _____
Member                     Member                     Member

Done this __11th_____ day of _December_____ 2013.

    original:   Record Clerk- SMCC          Parole Officer- Jordan McKinley
                IPO- SMCC                   Regional Director- Mike Brown
                Warden- SMCC                Parolee
                Judy Fitzgerald             Administrator/Sheriff- SCRJ
                DOC file                    Attorney- Matthew Victor

Jan. 13. 2014  1:21PM                                    No. 1575   P. 4/7

IN THE MAGISTRATE COURT OF _____ KANAWHA _____ COUNTY, WEST VIRGINIA

### WARRANT FOR ARREST

State of West Virginia

v.                                              Case No(s). 13F-3707 _____

DIARRA JERMAINE BODDY _____          POSS. W/INTENT _____
Defendant

9 VEAZEY ST. APT-A _____
Address

CHARLESTON, WV 25311 _____

**To Any Law Enforcement Officer:**

WHEREAS this court has found probable cause to believe that the defendant,  DIARRA JERMAINE BODDY _____

did commit an offense or offenses in this County on the  10  day of  SEPTEMBER _____ , 2013 _____

previous to the issuance of this Warrant, by unlawfully *[State statutory language of offense(s)]*

§60A-4-401. Prohibited acts A; penalties.

b) Except as authorized by this act, it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance.

Any person who violates this subsection with respect to:

(i) A counterfeit substance classified in Schedule I or II, which is a narcotic drug, is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than fifteen years, or fined not more than twenty-five thousand dollars, or both;

against the peace and dignity of the State.

Therefore, you are commanded in the name of the State of West Virginia to apprehend the above-named defendant and bring that person before any magistrate in this County, to be dealt with in relation to the charge(s) according to law. This arrest warrant is to be executed in the following manner *(check one)*:

☒ Forthwith

☐ Between the hours of 9 a.m. and 4 p.m., Monday through Friday

☐ Other *(as specified):* _____

Given under my hand this  12  day of  DECEMBER _____ , 2013 _____

                                                    _____
                                                    Magistrate

Executed by: _____ in _____

County, W.Va., on _____
                        (Date)

W.Va. Code § 50-2-3; Mag. Ct. Crim. Rule 4          ☐  Return
                                                    ☐  Defendant
SCA-M301/8-95                                       ☐  File
Docket Code(s): MMWAR                               ☐  Prosecutor

(Criminal Complaint Continued)                        CASE NO.   13F- 3707

ON THE ABOVE DATE I OBSERVED A SILVER SEDAN TRAVELING EASTBOUND ON
KANAWHA BLVD. EAST. AT WHAT APPEARED TO BE FASTER THEN THE POSTED SPEED
LIMIT OF 40 MPH. AS I ACCELERATED MY CRUISER IN EXCESS OF 60 MPH THE VEHICLE
WAS STILL PULLING AWAY FROM ME. I THEN ATTEMPTED TO CATCH UP WITH THE
VEHICLE TO INITIATE A TRAFFIC STOP WHEN THE VEHICLE SLOWED AND MADE A LEFT
TURN ONTO VEAZEY ST. AS I TURNED LEFT ONTO VEAZEY ST. I OBSERVED THE DRIVER
DOOR OPEN AND THE DRIVER, LATER IDENTIFIED AS DIARRA BODDY THROW WHAT
APPEARED TO BE A FIREARM FROM THE VEHICLE TOWARD THE LEFT (WESTSIDE) OF
THE ROADWAY. THE DRIVER DOOR THEN CLOSED AND THE VEHICLE PROCEEDED
APPROX 200 FEET BEFORE COMING TO A STOP. BODDY QUICKLY EXITED HIS VEHICLE
AND ATTEMPTED TO WALK AWAY. BODDY INITIALLY REFUSED TO FOLLOW COMMANDS
UNTIL AFTER BEING TASED. ONCE BODDY WAS PLACED IN HANDCUFF'S I PATTED HIM
DOWN WHEN I FELT A LARGE LUMP IN HIS LEFT FRONT POCKET. I REMOVED THE ITEM
WHEN I OBSERVED A WHITE ROCK LIKE SUBSTANCE THAT WAS CONTAINED IN A
PLASTIC BAGGY THAT APPEARED TO BE CRACK COCAINE. THE SUBSTANCE, WEIGHING 53
GRAMS LATER FIELD TESTED NEGATIVE. THE FIREARM THAT BODDY THREW FROM THE
DOOR WAS A 44 MAG SINGLE ACTION REVOLVER, HAWES BRAND. IT WAS LOADED WITH 3
44 MAGNUM CARTRIDGES. BODDY'S WV OPERATORS E548227 WAS REVOKED FOR AN
ACTIVE DUI.

ONCE AT THE STATION I RAN A CIB. BODDY HAS SEVERAL FELONY CONVICTIONS FOR
DRUGS AND DOMESTIC BATTERY PREVENTING HIM BEING ALLOWED TO POSSESS A
FIREARM. THIS INCIDENT OCCURRED IN CHARLESTON, KANAWHA CO. WV.

White - return
Green - defendant
Yellow - file
Pink - complainant
Goldenrod - prosecutor

(Criminal Complaint Continued)                    CASE NO.   13Fr 3707

### §61-7-7. Persons prohibited from possessing firearms

(b) Notwithstanding the provisions of subsection (a) of this section, any person:(1) Who has been convicted in this state or any other jurisdiction of a felony crime of violence against the person of another or of a felony sexual offense;(2) Who has been convicted in this state or any other jurisdiction of a felony controlled substance offense involving a Schedule I controlled substance other than marijuana, a Schedule II or a Schedule III controlled substance as such are defined in sections two hundred four, two hundred five and two hundred six, article two, chapter sixty-a of this code and who possesses a firearm as such is defined in section two of this article shall be guilty of a felony and, upon conviction thereof, shall be confined in a state correctional facility for not more than five years or fined not more than $5,000, or both.

White - room
Green - defendant
Yellow - file
Pink - complainant
Goldenrod - prosecutor

BEFORE THE WEST VIRGINIA BOARD OF PROBATION AND PAROLE
CHARLESTON, WEST VIRGINIA

IN RE: DIARRA J. BODDY                                    DOC NO. 26311-2


PAROLEE'S MOTION FOR ENFORCEMENT OF ORDER
OR
MODIFICATION OF ORDER
OR
ASSIGNMENT OF ANOTHER PAROLE OFFICER TO THE PAROLEE
OR
RELEASE FROM PAROLE

Comes the Parolee, Diarra J. Boddy (hereinafter, "the Parolee"), by counsel, Matthew A. Victor, and prays for relief in the form of discharge from parole, or, in the alternative, the modification of the Parole Board's December 11, 2013, ORDER, or, in the alternative, the enforcement of said ORDER.

On December 11, 2013, at the conclusion of the Parole Revocation Hearing, the Parole Board ORDERED a six-(6)-month improvement period for the Parolee, Diarra J. Boddy, with the condition of inpatient drug treatment at Pinecrest, at that time readily available to the Parolee. The Parolee was to be released to Pinecrest only, and the Parole Officer was charged with the transportation of the Parolee to the in-patient facility. See Exhibit No. 1.

Incredibly, one (1) day after the December 11, 2013, Parole Violation Hearing, on December 12, 2013, the Parolee was charged with possession with Intent to Deliver Counterfeit Substance in the Magistrate Court of Kanawha County, Case Number 13-F-3707, i.e. the charges upon which the Parole Board ruled on December 11, 2013, during the Parole Violation Hearing and found the Parolee Not Guilty, and the same charges

2

which had already been dismissed once, in Kanawha County Magistrate Court, case numbers 13-F-2929 and 2930, filed by the same officer on or about September 11, 2013. Equally incredibly, the Parolee was held in jail on a $25,000.00 cash-only bond without appointment of counsel until January 13, 2014. Of course, the Parolee could not avail himself of the in-patient treatment opportunity on account of his incarceration and the Parole Officer did nothing to facilitate the Parolee's transfer to Pinecrest since the Parolee was in jail upon the "new" charges.

At the conclusion of the appearance for the preliminary hearing on January 17, 2014, for the "new" felony charge, case number 13-F-3707, the Kanawha County Magistrate presiding over this case dismissed the charges with prejudice. See Exhibit No. 2. Unaware of any other holds or restrictions against the Parolee and barring the indictment against him, the Parolee is now available for treatment / therapy and the fulfillment of the Parole Board ORDER. The twice-dismissed felony charges cannot be re-filed against him pursuant to the Magistrate January 17, 2014, ORDER.

However, since it appears that the Parolee was not presented with an opportunity for treatment and the status of the availability of his placement at Pinecrest cannot be ascertained because the Parolee's prolonged December-2013-to-January-2014 incarceration, the Parolee prays for enforcement of the ORDER with the modification that he be released from South Central Regional Jail and that he self-report to Pinecrest upon the availability of placement to be ascertained by the Parole Officer. The Parolee seeks assignment of another Parole Officer who would pursue the Parole Board Modified ORDER with vigor and dispatch.

3

In the alternative, the Parolee prays for a Modified ORDER directing the newly assigned Parole Officer to promptly secure services of any other treatment facility, and release of the Parolee from South Central Regional Jail pending the successful completion of the search for the facility suitable for the Parolee's rehabilitative needs.

Finally, because the Parole Board's intent to rehabilitate the Parolee was thwarted by the State's action of seeking criminal prosecution for the same charges upon which not only the Parole Board but also two Magistrates acted in the manner favorable to the Parolee, the latter seeks release from parole, inasmuch as the Parolee believes the lack of initiative in fulfilling the Parole Board ORDER will mar any and all of his rehabilitative efforts as long as he remains under the control and supervision of the West Virginia Division of Corrections.

Should the Parole Board decide to hold a status / evidentiary hearing upon this Motion, the Parolee reserves the right to present evidence in support of his Motion.

Respectfully submitted,
Diarra J. Boddy
By Counsel

Matthew A. Victor
VICTOR VICTOR & HELGOE LLP
P.O. Box 5160
Charleston, WV 25361
Tel. (304) 346-5638 or (304) 346-3655

Jan. 13. 2014  1:20PM                                                No. 1575 ; P. 1/7

IN THE MAGISTRATE COURT OF _____ **KANAWHA** _____ COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA            *HRg   TBA*   *Parole Violation 263 11-2*

v.

BODDY, DIARRA JERMAINE                           Case No. *13F - 3707*
_____
Defendant
9 VEAZEY ST. APT A CHARLESTON WV 25311
_____
Address
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                E548227                    ☐ Misdemeanor
_____               ☒ Felony
Social Security No.       Driver's License No.
10-20-1970
_____
Date of Birth
Agency Case #    I13091022 _____

### CRIMINAL COMPLAINT

I, the undersigned complainant, upon my oath or affirmation, state the following is true and correct to the best of my

knowledge and belief On or about ___ 10 SEPTEMBER 2013 ___ in _____ KANAWHA _____ County, West
                                        (date)

Virginia, in violation of W.Va. Code *(cite specific section, subsection, and/or sub&vision as applicable)* _____

__§60A-4-401 POSSESSION WITH INTENT COUNTERFEIT SUBSTANCE__   the defendant did *(state statutory language of offense)*
(b) Except as authorized by this act, it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance.
    Any person who violates this subsection with respect to: (i) A counterfeit substance classified in Schedule I or II, which is a narcotic drug, is guilty of a
felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than fifteen years, or fined not more
than twenty-five thousand dollars, or both;

I further state that this complaint is based on the following facts: __SEE ATTACHED__

_____

_____ *Matthew Victor* _____

_____

The defendant is / has:
☐ The victim's spouse or ex-spouse      ☐ Living with the victim or had lived with the victim
☐ A parent or guardian of the victim    ☐ A person who may be classified as a spouse, parent or guardian to the victim
☐ A child in common with the victim      ☒ None of the above connections to the victim

Continued on attached sheet? ☒ Yes ☐ No
Complainant (who appears before magistrate):          On this complaint, sworn or affirmed before me and
                                                      signed this date by complainant in my presence, the
B.A. LIGHTNER                                         item(s) checked below apply:
_____
Name
P.O. BOX 2749                                               ☑ Probable cause found
_____                    ☐ Summons issued
Address                                                     ☑ Warrant issued
CHARLESTON WV 25330          304-348-6400                   ☐ Warrantless arrest
_____                    ☐ No probable cause found
                            Telephone
PATROL DIVISION
_____
Office or title, if any                               _____
                                                      Magistrate Signature
_____              12/12/13
Complainant Signature                                 _____
                                                      Date

|  | Return |
|---|---|
|  | Defendant |
|  | File |
|  | Complainant |
|  | Prosecutor |

Mag. Ct. Rules 3, 4  Revised 8/2008  DRW