IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DIARRA JERMAINE BODDY,**

    **Plaintiff,**

v.                                                    Case No. 2:15-cv-16026

**CITY OF CHARLESTON, WV[1],
STATE OF WEST VIRGINIA,
MAGISTRATE HALLORAN
EX-PATROLMAN BRIAN A, LIGHTNER, and
PAROLE OFFICER JORDAN MCKINLEY,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are a Motion to Dismiss filed by the City of Charleston and Brian A. Lightner (ECF No. 28), a Motion to Dismiss filed by the State of West Virginia and Magistrate Halloran (ECF No. 31), and a Motion to Dismiss filed by Parole Officer Jordan McKinley (ECF No. 36).

---

[1] The plaintiff also named the Charleston Police Department as a defendant in the body of his Amended Complaint. However, a city police department is not a separate suable entity. Rather, the plaintiff must sue the City of Charleston. *See* W. Va. Code § 8-14-1 ("police departments are subject to the authority, control and discipline of the municipalities that create them."); *see also Weigle v. Pifer*, 2:14-cv-15087 (S.D. W. Va. Apr. 30, 2015) (Copenhaver, J.) (wherein the court "concluded that the Vienna police department [was] not a proper party and should be dismissed") (citing *Tofi v. Napier*, No. 210-cv-01121, 2011 WL 3862118 at *12 (S.D. W. Va. Aug. 21, 2011)) (Johnston, J.) (granting a motion to dismiss claims against the City of Charleston Police Department because it "is not a separate entity from the City of Charleston and has no legal existence independent from the City.")

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff filed his initial Complaint (ECF No. 2) on December 10, 2015. On June 30, 2016, the plaintiff was granted leave to file an Amended Complaint (ECF No. 16), which is the operative document upon which this matter is now proceeding.

The Amended Complaint alleges that, on September 10, 2013, the plaintiff was arrested and charged in Kanawha County with possession with intent to distribute a counterfeit substance (Case Nos. 13-F-2929 and 13-F-2930). (ECF No. 16 at 4, ¶ 1). However, those charges were dismissed, without prejudice, on September 23, 2013, when the arresting officer (who is believed to be defendant Brian A. Lightner) failed to appear. (*Id.*) Nonetheless, the plaintiff remained in jail on a parole revocation detainer. (*Id.*, ¶ 2).

The plaintiff's parole revocation hearing was held on December 11, 2013. The plaintiff alleges that he was found not guilty of the charges and was ordered to be released to a 30-day inpatient rehabilitation program. (*Id.*, ¶¶ 2-3). The plaintiff further alleges that defendants Lightner and McKinley (his parole officer) were present for the hearing and were upset with the rulings. (*Id.*, ¶ 4).

The Amended Complaint further alleges that, thereafter, Lightner re-filed the possession with intent to distribute charges (Case No. 13-F-3707). (*Id.* at 5, ¶ 5). The plaintiff further alleges that, during his video arraignment on the re-filed charges, Magistrate Halloran set an excessive cash bond of $25,000. (*Id.*, ¶ 6). The plaintiff further alleges that Halloran told him that the bond was so high because "the feds wanted [him] for something." (*Id.*, ¶ 7). The plaintiff further alleges that he was held in jail until January 17, 2014, without counsel or a preliminary hearing, despite his requests for both. (*Id.*, ¶¶ 8-9).

The plaintiff claims that the defendants colluded to hold him in jail without counsel or a preliminary hearing in order to punish him for being found not guilty of his parole violation charges, to prevent him from receiving the ordered substance abuse treatment, and in order to allow federal authorities to place a hold on him for felon in possession charges. (*Id.*, ¶¶ 10-11). The Amended Complaint, which is not well organized and is somewhat confusing, contains three counts arising out of these factual allegations.

In Count I, which appears to be brought under 42 U.S.C. § 1983, the plaintiff claims that defendants Lightner, Halloran, and McKinley acted willfully, wantonly and maliciously, and that their conduct violated his rights under the Fourth, Eighth, and Fourteenth Amendments. In Count II of the Amended Complaint, the plaintiff alleges that the defendants also violated his rights under Article III, §§ 1, 5, 6, and 10 of the West Virginia Constitution. In Count III of the Amended Complaint, the plaintiff alleges that the defendants were negligent in the performance of their duties, including negligence by the City of Charleston and the State of West Virginia, in hiring, supervising and training their employees. The plaintiff seeks monetary damages from the defendants in their individual and official capacities and the expungement of his state convictions.

On October 6, 2017, the City of Charleston and Brian A. Lightner filed a Motion to Dismiss (ECF No. 28) and Memorandum of Law in support thereof (ECF No. 29).[2] On October 9, 2017, the State of West Virginia and Magistrate Halloran filed a Motion to Dismiss (ECF No. 31) and a Memorandum of Law in support thereof (ECF No. 32).

On October 23, 2017, the undersigned entered an Order setting a deadline of November 13, 2017 for the plaintiff's responses, and November 27, 2017 for the

---

[2] On October 10, 2017, the City of Charleston and Lightner filed an Amended Memorandum of Law (ECF No. 33), which is the document the undersigned will consider herein.

3

defendants' replies to those motions. (ECF No. 35). Subsequently, on November 6, 2017, defendant Jordan McKinley filed a Motion to Dismiss (ECF No. 36) and a Memorandum of Law in support thereof (ECF No. 37).

On November 29, 2017, the undersigned entered an Order (ECF No. 39) granting the plaintiff's Motion for Extension of Time to File Responses (ECF No. 38) and ordering that the plaintiff respond to all of the defendants' motions to dismiss by December 13, 2017. However, the plaintiff failed to respond to any of the defendants' motions. On December 27, 2017, defendants Halloran, McKinley, and the State of West Virginia filed a Reply (ECF No. 40), re-asserting their grounds for dismissal. These motions are ripe for adjudication.

## **STANDARDS OF REVIEW**

The defendants' motions assert that the plaintiff's Amended Complaint should be dismissed under Rule 12(b)(6) of Federal Rules of Civil Procedure, because it fails to state a claim upon which relief can be granted against them. Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

4

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-679.

## **ANALYSIS**

### A. Magistrate Halloran and the State of West Virginia are immune from suit and all claims against them must be dismissed.

The Motion to Dismiss filed by Magistrate Halloran and the State of West Virginia asserts that both defendants are immune from suit herein under the Eleventh Amendment to the United States Constitution. The motion further asserts that judicial immunity serves as an absolute bar to the plaintiff's allegations against Magistrate Halloran. The plaintiff failed to dispute these contentions.

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States

5

Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

The undersigned proposes that the presiding District Judge **FIND** that the State of West Virginia is not a proper party who can be sued under 42 U.S.C. § 1983 and is immune from liability for monetary damages under the Eleventh Amendment. Likewise, Magistrate Halloran, who is an employee of the State of West Virginia, is also subject to such immunity in his official capacity.

Moreover, Magistrate Halloran was a judicial officer who was engaged in his official judicial duties in connection with the plaintiff's criminal proceedings when all of the challenged conduct allegedly occurred.[3] It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The *Pierson* Court further found that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he

---

[3] To the extent that these defendants assert that the plaintiff's video arraignment was actually conducted by a magistrate other than defendant Halloran, and that a magistrate other than Halloran set his bail, the undersigned proposes that such judicial immunity would apply to any other judicial officer involved in the plaintiff's criminal proceedings as well.

6

> should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id.* Due to the clear and unequivocal application of absolute judicial immunity, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claims against defendant Halloran are barred by absolute judicial immunity and, thus the Amended Complaint fails to state a claim upon which relief can be granted against him.

For these reasons, all of the claims against the State of West Virginia and Magistrate Halloran should be dismissed under Rule 12(b)(6).

### B. Parole Officer Jordan McKinley is also immune from a claim for monetary damages in his official capacity under the Eleventh Amendment.

Defendant McKinley's undisputed motion also asserts that, in his official capacity as a Parole Officer for the State of West Virginia, he is immune from a suit for monetary damages. McKinley's motion states:

> In the instant case, the Plaintiff has indicated that he is advancing an official capacity claim against Defendant McKinley, a West Virginia parole officer. However, as established by West Virginia law, parole officers are employees of the West Virginia Division of Corrections, they are identified as "state parole officers," and they have the power and authority to act anywhere within the State. *See* W. Va. Code § 62-12-15(a) [footnote omitted]. Since he is employed by the Division of Corrections, the State Treasury would be affected by any judgment entered against him. Parole Officer McKinley is, therefore, a state official for the purpose of Eleventh Amendment immunity.

(ECF No. 37 at 11). For the same reasons discussed above with respect to Magistrate Halloran and the State of West Virginia, the undersigned proposes that the plaintiff's claims against defendant McKinley in his official capacity be dismissed.

### C. Motion to Dismiss by City of Charleston and Lightner.

The City of Charleston and Brian A. Lightner filed a Motion to Dismiss asserting that the plaintiff's claims against them are barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), and by the applicable statute of limitations. However, the undersigned proposes that the presiding District Judge **FIND** that both of these defenses appear to be misplaced in this case.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

In the instant matter however, the plaintiff was not ultimately convicted of the charges brought against him in the state court. Instead, those charges were dismissed, and the plaintiff was ultimately prosecuted in this United States District Court for being a felon in possession of a firearm. While it is true that the plaintiff's federal conviction and sentence have not been invalidated, the undersigned cannot find that the plaintiff's claims against the defendants herein call into question his federal conviction or sentence.

8

Rather, the plaintiff claims that the defendants conspired to keep him in state custody without appointment of counsel or a preliminary hearing. That conduct has no effect on the fact that the plaintiff was ultimately prosecuted in federal court. Consequently, the undersigned proposes that the presiding District Judge **FIND** that *Heck* is not implicated by the plaintiff's Amended Complaint, and that the Motion to Dismiss filed by the City of Charleston and defendant Lightner on this basis lacks merit.

The City of Charleston and Lightner also assert that the plaintiff's Complaint is barred, in part, by the two-year statute of limitations applicable to section 1983 claims in West Virginia. It is well-established that cases filed in federal court under 42 U.S.C. § 1983 follow the analogous state limitation for personal injury matters. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Owens v. Okure*, 488 U.S. 235 (1989); *Blanck v. McKeen*, 707 F.2d 817 (4th Cir. 1983). West Virginia has a two-year statute of limitations for cases similar to personal injury, which is routinely applied to section 1983 actions. W. Va. Code § 55-2-12(b); *see McCausland v. Mason County Bd. of Educ.*, 649 F.2d 278 (4th Cir. 1981); *Rodgers v. Corporation of Harpers Ferry*, 371 S.E.2d 358 (W. Va. 1988). Furthermore, although state law governs the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law. *See, e.g. Hardin v. Straub*, 490 U.S. 536 (1989); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002); *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006); *Wells v. S.C.D.C.*. No. 8:10-2405-CMC-BHH, 2010 WL 5479901, *2 (D.S.C. Nov. 18, 2010) (citing *Wade v. Danek Med., Inc.*, 192 F.3d 281, 289 (4th Cir. 1999); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

The City of Charleston and Lightner assert that, to the extent that the plaintiff has alleged facts that occurred before December 11, 2013, those allegations would be time-

9

barred because they occurred more than two years before the plaintiff filed his initial Complaint. Their Amended Memorandum of Law states:

> The Plaintiff was arrested on September 10, 2013 and charged with possession with intent to deliver a counterfeit substance. These charges were purportedly dismissed on September 23, 2013, and the plaintiff alleges that he was held from that point until his parole revocation hearing on December 11, 2013. To the extent the Plaintiff alleges that the Defendants violated his constitutional rights by wrongfully arresting him or wrongfully detaining him prior to his parole revocation hearing, those claims are barred by the statute of limitations. The Plaintiff knew the identity of the Defendants when he was arrested on September 2013, he knew that he had been allegedly injured, and he knew that the conduct of the Defendants caused his alleged injuries. Accordingly, any claims the Plaintiff asserts based on the Defendants' actions prior to December 10, 2013 should be dismissed because these claims are barred by the statute of limitations contained in W. Va. Code § 55-2-12(b).

(ECF No. 33 at 4).

However, the undersigned does not read the plaintiff's Amended Complaint to be basing his claims on the conduct that occurred before December 11, 2013. Rather, his claims appear to be grounded in the conduct of the defendants after his parole hearing on December 11, 2013, when he expected to be released to enter into drug rehabilitation as directed by the Parole Board. The plaintiff's Amended Complaint alleges that the defendants colluded to keep him in state custody by re-filing the previously dismissed charges, setting an excessive bail, not appointing him counsel, and not conducting a timely preliminary hearing. All of that conduct occurred after December 11, 2013. Thus, while the allegations pre-dating December 11, 2013 would likely be untimely, that argument appears to be of no moment with respect to the ability of the plaintiff to proceed on the remainder of his Amended Complaint herein.

Despite the fact that the City of Charleston and Lightner failed to otherwise address the sufficiency of the plaintiff's claims against them, as addressed in the subsequent

section, it appears that the plaintiff's Amended Complaint fails to state any plausible claim for relief and that it should be dismissed, in its entirety, pursuant to Rule 12(b)(6) and the dictates of *Twombly* and *Iqbal*.

### D. The Amended Complaint fails to state any plausible claim for relief.

The defendants have interpreted the Amended Complaint to be asserting only a civil conspiracy claim. They emphasize that the plaintiff has not specified whether he is raising his conspiracy claim under 42 U.S.C. § 1983 or a supplemental state law claim under West Virginia law, but the undersigned believes that the plaintiff has failed to sufficiently allege either type of conspiracy claim.[4]

Defendant McKinley's Memorandum of Law specifically addresses this claim as follows:

> Mr. Boddy has based his amended complaint upon proceedings in Kanawha County Magistrate Court and the West Virginia Parole Board. The records, therefore, are integral to his amended complaint. A review of the underlying records from the Kanawha County Magistrate Court and the West Virginia Parole Board indicate that Mr. Boddy, while on parole, was arrested and charged with two felony offenses. Although the cases were dismissed, there was no legal impediment to being subsequently charged for one or both of the offenses. He was not released when the charges were dismissed in September of 2013 because he was subject to parole revocation charges that were not adjudicated until December 11, 2013. Further, the Parole Board indicated that he could only be released to a particular drug treatment facility. Contrary to his allegations in the amended complaint, Mr. Boddy was found guilty of four of the parole revocation charges. Mr. Boddy's continued incarceration was not the result of a conspiracy, but resulted from a lawful order of the West Virginia Parole Board that indicated he could only be released to an inpatient drug rehabilitation facility and the lawful filing of criminal charges, when the original dismissal of the charges was not with prejudice. Mr. Boddy has not and cannot establish a plausible claim that the defendants conspired against him to keep him unlawfully incarcerated.

---

[4] The undersigned again notes that the heading of Count I of the Complaint states "42 U.S.C. 1983;" thus, it stands to reason that the plaintiff is attempting to assert this claim under section 1983.

11

(ECF No. 37 at 14).

A conspiracy in violation of section 1983 requires that the conspirators "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of a constitutional right." *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992). The plaintiff must allege and demonstrate that, in advance of the claimed violation of his rights, "each member of the alleged conspiracy shared the same conspiratorial objective." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). (ECF No. 32 at 12). Similarly, to the extent that the plaintiff may also be attempting to state a conspiracy claim under West Virginia law, a civil conspiracy requires "a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not itself unlawful, by unlawful means." Syl. Pt. 8, *Dunn v. Rockwell*, 689 S.E.2d 255 (2009). (ECF No. 32 at 12). The conspiracy is created "by the wrongful acts done by the defendants to the injury of the plaintiff." *Id.* Thus, "civil conspiracy is not a stand-alone cause of action and must be based on some underlying tort." (*Id.*) (citing *Dunn*, Syl. pt. 9; *Kessel v. Leavitt*, 511 S.E.2d 720, 754 (W. Va. 1998)).

The plaintiff's Amended Complaint alleges in a conclusory fashion that the defendants "colluded" to violate his rights under the Fourth, Eighth and Fourteenth Amendments. However, he fails to allege any facts showing that the defendants shared the same conspiratorial objective or acted jointly to deprive him of his constitutional rights or to commit a tort. In short, he has failed to allege that they engaged in any common scheme or plan. Thus, the plaintiff's general and conclusory allegations are insufficient to establish a plausible conspiracy claim against any of the defendants under either section 1983 or state law.

It is less clear whether the plaintiff is also attempting to assert that the conduct of the individual defendants, absent his allegations of "collusion," violated his federal or state constitutional rights. In paragraph 15 of the Amended Complaint, the plaintiff alleges that defendants Lightner, Halloran,[5] and McKinnley violated his constitutional rights by denying him due process. (ECF No. 16 at 6, ¶ 15). In paragraph 24, which addresses Count II concerning alleged violations of the West Virginia constitution, the plaintiff alleges that the defendants violated his "due process rights and [held] him in jail without ten day preliminary hearing, or appointment of counsel, excessive bail, maliscous [sic; malicious] and vindictive arrest, false arrest, and prosecution, false imprisonment and illegal detainment . . . ." (*Id.* at 8, ¶ 24). However, these conclusory claims do not describe particular facts to support how the conduct of each defendant violated his federal or state constitutional rights. Similarly, the plaintiff's negligence claims contained in Count III of the Amended Complaint are not supported by specific factual allegations sufficient to establish how each defendant was negligent in the performance of their duties and how such negligence proximately caused him injury. Therefore, the Amended Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Defendant McKinley's Motion to Dismiss and Memorandum of Law further argue that, because the plaintiff's Amended Complaint fails to state any plausible claim, he is entitled to qualified immunity. As noted in McKinley's Memorandum of Law, "Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that 'their conduct does not violate

---

[5] Because the undersigned has previously recommended that all claims against defendant Halloran be dismissed, the undersigned will not further address any claims of individual liability against him.

13

clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 141 F.3d 111, 114 (4th Cir. 1998); *Lefemine v. Wideman et al.*, 2012 U.S. App. LEXIS 2290 (4th Cir. 2012). McKinley's brief further states:

> In his amended complaint, Mr. Boddy claims that his federal constitutional rights were violated because he was subsequently charged with the offense of possession with intent to deliver a counterfeit controlled substance after the charge had been earlier dismissed. To advance his claim, he generally refers to the Fourth, Eighth, and Fourteenth Amendment to the United States Constitution, but does not reference any specific or particularized conduct that Parole Officer McKinley took that violated these rights. Based only upon unsupported, generalized allegations of conspiracy against Parole Officer McKinley, Mr. Boddy claims that his rights were violated by the filing of these charges a second time. The generalized references to the Fourth, Eighth, and Fourteenth Amendments fail to allege any right with sufficient particularity.
>
> Even if the amended complaint were read very liberally as to include some type of a particularized right, Mr. Boddy cannot claim some type of clearly established right to be free from a subsequent, lawful prosecution. Since the original dismissal order did not specify a dismissal with prejudice, it can be concluded that the case was dismissed without prejudice. [Citation omitted]. Therefore, Mr. Boddy cannot show that he has a clearly established right to be free from a subsequent prosecution when West Virginia law allows for charges to be refiled in the exact circumstances that Mr. Boddy claims violated his rights.

(ECF No. 37 at 8-9).

The plaintiff has not disputed any of the defendants' arguments. Accordingly, for the reasons addressed herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Amended Complaint fails to state any plausible claim for relief against the defendants under either federal or state law.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motions to Dismiss (ECF Nos. 28, 31, and 36) and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 26, 2018

Dwane L. Tinsley
United States Magistrate Judge